Judge Ewing

delivered the Opinion of the Court.
Warner appealed to the Circuit Court, from the judgment of a justice of the peace, against him, rendered on, a motion against Philips, as constable, and his sureties, for money collected by Philips, on an execution in favor of Warner, on a note of thirty dollars placed in Philips’ hands for collection, and which he, had failed to pay over.
The Circuit Court, having abated the motion as to Philips, the constable, on the proper return, rendered judgment against his sureties, for thirty dollars, and interest from the time the note fell due, until paid, and $4 22 ten per cent, damages on the aggregate amount of principal and interest, calculated up to the date of the judgment, and costs. And this judgment has been brought to this Court, by the sureties, for revision.
The only objection raised to the judgment, is that interest was improperly allowed, and the ten per cent, improperly given upon the aggregate of principal, interest and costs, before the justice, on the original judgment on the note.
When the jurisdiction of justices of the peace was limited to five pounds, the statute, of 1803 (1 Statute Law, 415,) authorized a motion to be made before a justice, a judgment to be recovered for the amount collected, and, ten per cent, damages thereon. The statute of 1812, *197 Statute Law, 420,) increasing the jurisdiction of justices of the peace, provides “that, on any constable failing to pay over money collected by him, when the sum exceeds five pounds, he shall be liable to a motion in the Circuit Court, under the same rules and regulations which now govern motions against sheriffs.” We understand that those rules and regulations, not only apply to and govern and regulate the mode of proceeding, but also the amount to be recovered. The statute having confided to constables the collection of sums of money, above five pounds, which before had been confided to sheriffs, it was thought appropriate and right to subject them to the same mode of proceeding, and penalties, for failing to pay it over, which sheriffs were subjected to. By turning to the statute of 1796, (Statute Law, 624,) it will be perceived that, if a sheriff fail to pay over money collected, he is subjected to a judgment on motion, in the Circuit Court, for the amount levied and collected under execution, “and interest thereon at the rate of fifteen per cent, per annum, from the return day of the execution, until the judgment shall be discharged.”
A party cannot complain of a judgt. for damages, which, tho’ irregular, is less than the law would have justified.
By the statute of 1820 (Statute Law, 423-4,) the motion may be made before the justice of the peace who rendered the judgment, or some convenient justice in case of his resignation or removal, against constables and their sureties, for failing to pay over money collected, “and a judgment rendered agreeable to the laws now in force, giving damages against delinquent constables,”
If fifteen per cent. per annum was the damages recoverable from a constable for failing to pay over money collected, when the amount was over five pounds, of which we have no doubt, the same damages are recoverable, in a like case, when the motion is made before a justice. And if so, though, in the case before the Court, the judgment has been informally rendered, it is clear that it has been rendered for a smaller amount than it might have been rendered for, and is not, therefore, to the prejudice of the plaintiffs in error.
Wherefore, it is the opinion of the Court, that the judgment be affirmed, with costs,